### EICHHORN v. NEGRIN.

(Supreme Court, Appellate Term, First Department. June 26, 1916.)

COURTS ⬤═189(15)—MUNICIPAL COURTS—OPENING JUDGMENT—TERMS.

   Where plaintiff's attorney was informed on April 3d that defendant was dangerously ill, and adjournment was asked, and the case first appeared on the calendar of the Municipal Court on April 5th, and the court was apprised of the situation, but nevertheless entered default, the court was not justified in requiring payment of $10 costs and plaintiff's costs and disbursements as a condition for opening the default.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 458; Dec. Dig. ⬤═189(15).]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Herman Eichhorn against Jake Negrin. From an order opening a default upon terms, defendant appeals. Order modified and affirmed.

See, also, 158 N. Y. Supp. 98.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Nathan H. Stone, of New York City, for appellant.
Geza Eichhorn, of New York City, for respondent.

PER CURIAM. This case first appeared upon the calendar of the Municipal Court upon April 5, 1916. Two days before this date plaintiff's attorney was informed that defendant was taken dangerously ill and was confined to his bed, where he was likely to remain for at least one week, and an adjournment was asked. This was refused. On April 5, 1916, defendant's attorney sent his clerk to court, who, when the case was called, handed up the certificate of a physician to the effect that defendant was confined to his bed and unable to appear, and asked for an adjournment. The court marked the case "Ready," however, and, defendant's attorney not being able to appear before 11 a. m. on that day, an inquest was taken.

Upon a motion to open the default the foregoing facts were presented to the court, and the default was opened, upon condition, however, that defendant pay $10 costs and all costs and disbursements in-

curred by the plaintiff to date. In view of the undisputed fact that the case was on the calendar on April 5th for the first time, and that plaintiff's attorney was notified two days prior thereto of defendant's illness, and that he would be a material witness, the imposition of terms as a condition for opening the default was unjustifiable.

Order modified, by striking out the imposition of $10 costs and disbursements, and, as so modified, affirmed, without costs. All concur.